Curia, per Evans, J.
The principal question made in this case, and that to which the argument of counsel and the attention of the Court has been mainly directed, is that made in the second ground in the notice of appeal. “ Because the deed from Mims, the ancestor of the plaintiffs, to Johnson, constituted a complete defence, nor was the defendant concluded by the former recovery, from relying on that deed, which should have been received not only in mitigation of damages, but as a bar to the plaintiffs’s right to recover in this action.” To understand this ground, and the observations which I propose to make upon it, it is necessary I should give a concise history of the pleadings.
The declaration sets out that the plaintiffs were seized and ppssessed of a certain plantation or parcel of land, lying on a certain water course called Tinker’s creek; and that the defendant did erect and make a dam across the said creek, whereby the water was obstructed and raised so as to overflow the plaintiffs’s land, so as to deprive them of the use of it. The defendant pleaded, 1st. The general issue, not guilty ; and 2d. A special plea, which the report (adopting the language of the counsel) calls liberum tenementum. By this plea the defendant justifies the supposed wrong, by the allegation that the land is his own proper freehold. To this the plaintiffs (taking issue on the first plea) replied a former recovery by way of estoppel, with the proper averments as to the identity of this with the former action. To this there was a demurrer, which was overruled, on the ground that the defendant was concluded by the former recovery.
The defendant, then, put in a special rejoinder, in which was set out the following 'facts ; that since the recovery in the said cause or action, in the said replication mentioned, he, the defendant, had found and recovered back a certain deed from the said Thomas Mims, (under whom the plaintiffs claim,) to one Haley Johnson, bearing date the 10th day of January, 1838, whereby the title to the said land was conveyed in fee simple, by the. said Mims, to the said Johnson, and that, at the time of the trial of the said oause, the said deed was lost and out of the control of the said defendant, so that at the time of the trial of the cause mentioned in the replication of the plaintiffs, it was out of his power to produce the said deed in evidence.
To this rejoinder the plaintiffs demurred, and judgment was given for them on the demurrer,
The parties, then, went to trial on the general issue, and ail the facts set put in the special pleas, were either proved *53 or admitted, with the additional fact, that at the former trial, the defendant had attempted to prove the existence, loss contents of the deed from Mims to Johnson, but had failed. Some diversity of opinion exists in this Court, as to the effect of the former recovery, when pleaded as an estoppel, and given in evidence under the general issue ; and as all the special pleas in this case were irregular and inappropriate to the action, the case must be considered as having been tried on the general issue alone. From what will be said hereafter, I think it will be found that the effect of a former recovery is much the same, whether presented in oné form or the other. But before I enter on that question, I have something to say on the special pleas in this case. The general rulé -seems to be, that in an action on the case, almost every thing, may. be given in evidence under the general issue. Chitty says,1 the action is founded on the justice and conscience of the plaintiff’s case, and is in effect a bill in equity,.and therefore, former recovery, release and satisfaction, need not.be specially pleaded, or any thing else which defeats the plaintiff’s right to recover. But there are some matters, as justification in slander, which must be pleaded. At page 499, he says that if the defence would be good as matter of law, it may be pleaded specially, or given in evidence under the general issue. And at 498, he says that if what would be good de-fence under the general issue, be pleaded specially, it would be cause of special demurrer. The'reason assigned by .Chitty,. why such matters cannot be pleaded specially, is, that they tend to unnecessary prolixity and expense, and draw to the examination of the Court, what is-proper to be determined by a jury. The objection of expense arising out of prolixity, does not apply to our Courts,' as pleas are not paid for by the copy sheet, and the other reason will not be entitled to much favor, when it is considered that the province of the jury is to ascertain the facts, and this is superseded when the facts are ascertained or admitted by the pleadings'. Indeed I find that in England, the modern practice prescribed by the Court, requires all matters in confession and avoidance in the action on the case, to be pleaded specially. .In this case the parties have chosen their own mode of presenting the facts of the case. No special demurrer or objection in any form, has been made, and I do not perceive any reason why the Court may not proceed to give judgment ,on the facts stated in the pleadings, and which, by the demurrer, have been submitted to the judgment of the-Court. If, then, the pléa called liberum tenementum, be regarded, as it is, a special plea in bar, then the plaintiff did right to plead the former recovery in bar, as an estoppel.
But I do not consider this view as very important to the decision of the case. The same'consequence will follow if all the special pleas had been struck out, and the trial had *54 been on the general issue. In the case of the Duchess of Kingston, Chief Justice De Grey, delivering the unanimous opinion of all the Judges, said: “ From a variety of cases, relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true, 1st. That the judgment of a Court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence conclusive between the same parties on the same matter.”— The same doctrine is to be found in our cases of Prather v. Roens, Davis v. Murphy, Gaston v. Perry, Kenner v. Henderson, and in numerous other cases — both in England and Ihe United States. There is not a law book on the subject of evidence, in which the same proposition is not to be found. In all our own cases, above referred to, the question was as to the effect of a former recovery, when given in evidence on the trial. In none of them was it pleaded as an estoppel.— Greeuleaf, in his Evidence, sec. 522, states the law and the policy of the rule, thus : “ It is the interest of the community that a limit should be prescribed to litigation, and that the same cause of action should not be brought twice to determination. Justice requires that every cause should be once fairly and impartially tried, but. the public tranquility demands that having been once so tried, all litigation on that question, between those parties, should be closed forever. It is a most obvious principle of justice, that no man ought to be bound by proceedings to which he was a stranger; but the converse of the rule is equally true, that by proceedings to which he was not a stranger, he may well be held bound.” The former recovery in this case, has all the essentials which, according to the authorities, should unite to make it a perfect bar when pleaded, and conclusive as evidence when offered as such. It is between the same parties, it is about the same matter, and it is mutually binding on the parties. If, on the former trial, the defendant had succeeded in proving the deed from Mims to Johnson, the ver diet must have been for him, and would have been an effectual bar, although the plaintiffs might be able afterwards, to prove it a forgery. The grounds of appeal, taken in connection with the evidence, shows that the sole question now is, whether the defendant may not now defeat the plaintiffs’s action by setting up a defence, which not only existed at the former trial, but which he then attempted but failed to establish, and which, if established, would have been fatal to the plaintiffs’s case. In Long v. Long the plaintiff declared against the defendant for a nuisance in erecting a dam, and thereby backing the water on the wheels of his mill. To this the defendant pleaded a former recovery and verdict in his favor. The Court considered the verdict as settling the rights of the parties, as they stood at >the time of the trial, and instructed the jury that the only question open for their decision, was whether the *55 height of the dam, and the swell of the water, was the same as at the former trial, and if such was the fact, they necessarily find for the defendant. The rule seems to be, that it must appear that the same matter was in issue on the former trial. From the unavoidable want of certainty in the pleadings, it frequently happens that it is difficult to ascertain with clearness, what was decided by the verdict.— Where, from the state of the pleadings, this does not appear, there are many cases in which parol evidence may be received to make certain that which is uncertain.
The case of Kenner v. Henderson is an instance of this. I had occasion in that case, to consider the cases wherein parol evidence might be received for this purpose. It appeared to me then, as it does now, that where, from the nature of the action, the verdict might have been rendered on other grounds, it is not conclusive per se, but parol evidence might be received to show on what ground the jury decided. In our action of trespass to try title, where the plaintiff must show title in himself, and trespass by the defendant, a verdict for the defendant would not show whether the jury decided on the title or the trespass, and therefore, parol evidence was received to explain this ambiguity. In this case it may be, that on the same principle, the defendant might have shown that at the former tria], the verdict had been rendered on some ground wholly independent of the title to the land, and consequently that the title was not involved.— It is very certain he might have shown any thing subsequent to the former trial, which would defeat the plaintiffs’s right to recover. But he offered no such evidence, except that since the trial, he had gone to Georgia where Johnson lives, and had procured the deed from him. This he might just as well have done before as since the trial. Shall he, for this reason, have a second trial? Even the best regulated minds incline to the side of a litigant, where it is clear the right of the case is with him. It is pretty evident that Mims did convey the land overflowed by the defendant’s mill-pond, to Johnson, and that the defendant has acquired Johnson’s title by the sheriff’s sale: but we cannot strain the rules of law, to meet the justice of each particular case. The wisest rules of law may sometimes work injustice ; but this is most generally to the negligent: seldom to the vigilant. If the defendant should suffer in this case, it is the effect of his own negligence and inattention to his business. If he had exercised an only ordinary attention to his business, he might have defended himself successfully against the first suit. If he fails to do so now, it is but the legitimate consequence of his own conduct. In the case of Davis v. Murphy, the plaintiff had made a payment on his note, which he supposed had been credited. When sued, he neglected to appear, and suffered judgment to be rendered
*56 Columbia, Nov’r. 1849. Jones v. "Weatliersbee. against him for the whole debt. He sued the defendant to recover it back. Justice appeared to be clearly on his side, but the Court held that having failed to make his defence at the proper time, he was without remedy: the judgment was conclusive against him. All that is intended to be decided in this case is, that on the facts of the case, and for the reasons before stated, the former verdict concluded the title to the land, so far as it was involved in that action, and that having failed, then, to prove Mims’s deed to Johnson, he cannot now be permitted to do so, to defeat the recovery of the plaintiffs, for a continuance of the same nuisance.
The 3d ground is, that the defendant, under the deed from Jones, was a joint tenant with the plaintiffs, and “that constituted a complete defence and bar of the plaintiffs’s right to recover.”' I think there is no doubt that Jones, by his intermarriage with Mrs. Mims, became a tenant for life, at least, of his wife’s share, and that this interest was transferred to the defendant. On the trial on the circuit, the whole case was made to depend on the title to the land, which was overflowed by the water of the defendant’s mill-pond, and hence, the use of the word ouster in the report, which, perhaps, in its technical sense, may not convey the idea intended. The rule is clear, that one joint tenant cannot sue his co-tenant, except he be .ousted of the joint possession. There is no reason to distinguish that case from the present, where the defendant, by overflowing the land, has thus appropriated it to his exclusive use. The reason applies as well to the one case as the other. The real difficulty of the case arises from the fact that Jones is one of the plaintiffs, and as he has thus no interest, his being made a plaintiff is a misjoin-der. But no non suit was mov.ed for on the circuit, nor is any such motion made in this Court. It did not appear until the defendant gave the deed in evidence. It is irregular to nonsuit a plaintiff on the evidence of the defendant, and this Court will seldom grant a nonsuit where the motion was not made on the circuit. It is no ground for arresting the judgment, and I do not see, in the way the question is presented here, what advantage the defendant can derive from the fact, except that which he had on the circuit, in mitigation of damages.
These are all' the questions necessary to be considered, and as they have been resolved against the defendant, the verdict of the jury must stand, and the motion is dismissed.
O’Neall, Wardlaw and Withers, JJ. concurred.